United States Courts
Southern District of Texas
FILED

JAN 31 2023

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
JUDGE CHARLES ESKRIDGE

CIVIL ACTION No. 4:22-cv-02920

| | | |
|---|---|---|
| CHEMEKA ALEXANDER<br>Plaintiff | §<br>§ | U.S. DISTRICT COURT |
| | § | |
| V. | § | |
| | § | |
| MCCARTHY &<br>HOLTHUS LLP,<br>GUILD MORTGAGE COMPANY,<br>and RYSE INVESTMENTS LLC<br>Defendant(s)<br>COURT | § | JURY TRIAL **DEMANDED**<br><br><br><br>_____4___ DISTRICT |

## EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

COMES NOW, Plaintiff Chemeka Alexander and files **Emergency Petition for Preliminary Injunction** Pursuant to Rule 65 (a) Federal Rules of Civil Procedure against the listed Defendant:

## PARTIES TO THE ACTION

1. Plaintiff Chemeka Alexander, at all times relevant has resided at 17112 Nulakewest Ct Houston, Texas 77044, in Harris County.

2. Defendant Ryse Investments LLC is a corporation organized under the laws of the State of Texas; and at all times relevant, is represented by Registered Agent: Attorney Wyatt J Holtsclaw and have been located at 2060 North Loop West, ste 223 Houston, Texas 77018 Contact 713-955-2273 wholetsclaw@silblawfirm.com State bar No. 24120898

## BRIEF BACKGROUND

3. Plaintiff is seeking a Preliminary Injunction to prevent further irreparable harm in the absence of an Injunctive Order and to allow Plaintiff Chemeka Alexander to be heard on the merits of her case. Due to equity Plaintiff's God-Given Inalienable Rights stand to be violated because the Plaintiff's property would be removed from her without The Due Process Clause and numerous Constitutional guarantees concerning property. Plaintiff is requesting a Preliminary Injunction to be Ordered preventing a Writ of Possession from a lower court until the final verdict of pending Civil Action No. 4:22-cv-02920 is rendered. Plaintiff is requesting this Preliminary Injunction to be Granted before February 3, 2023 stopping the day of which the Writ of Possession will be executed. (Exhibit A & a-1)

4. Plaintiff filed a Petition in August, 2022 alleging the unlawful sale of her property by Defendants Guild Mortgage Company and McCarthy & Holthus LLP to Defendant Ryse Investments LLC, whom was added to an Amended Petition after allegedly purchasing the property, having first-hand knowledge of numerous violations concerning the unlawful sale.

5. The threatened injury to the Plaintiff's suffering stands to outweigh the harm to the opposing party Defendant Ryse Investments LLC, if the Motion is not granted due to the fact that the Plaintiff, her 2 daughter's and our dog (Gigi) and cat (PJ) will be homeless and have no alternative, except to sleep in Plaintiff's car. Whereas Ms. Weaver of Ryse Investments LLC has multiple properties on Harris County records. The Plaintiff and her family have no other home to go and is still responsible for the Hcad Taxes on the property and HOA fees which have already been tendered.

6. It would not be harmful to public interest to Grant Plaintiff's Motion. In fact, it would be harmful not Granting the Plaintiff's Motion in this case because the Plaintiff' and her daughters are and have been an intricate part of the neighboring community for years. It would be alarming and raise concern about the judicial process to forcefully remove the Plaintiff and her family from the property after the Plaintiff had exhausted all administrative process and procedures prior to appropriately filing Civil Action in the court of jurisdiction for the justice and relief from her complaint. To place the Plaintiff to live on the street during times of inclement weather with her children is also harmful and would be detrimental to the interest of the public.

7. If this case goes to trial, success is likely due to sworn statements & authentication of the extensive prima facie evidence being presented, along with expert witness testimony to support such evidentiary documents.

8. The Plaintiff has spoken with Captain Lewis of Precinct 3 Place 1, Constable Department and their attorney Nick Santulli to declare the jurisdictional violations, civil rights violations, irregularities, and unlawful nature associated with proceeding with this Writ of Possession and was informed that an Order from the court of which I claim to have a pending Civil Action, would have to sign an Order that would allow them to Stop the Writ of Possession.

## MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY INJUNCTION

The Focus Court went on to explain that foreclosure is one such instance which "injunction is appropriate" because "when an interest in land is threatened with harm", "such harm is deemed to be irreparable to the unique character of the property interest, i.e., money damages are not adequate compensation to protect the interest harmed." See the following:

> "(a) Land, under Georgia law, is deemed sufficiently unique that it is entitled to equitable remedies to protect such interest in land. Rife v. Corbett, 264 Ga. 871 (455 SE2d 581) (1995) (injunction to protect an easement); Benton v. Patel, 257 Ga. 669, 672 (1) (362 SE2d 217) (1987) (injunction to stop foreclosure); Black v. American Vending Co., 239 Ga. 632, 634 (2) (238 SE2d 420) (1977) ("the law regards as sufficiently unique that equity will enforce a contract for [land] sale or lease"); Clark v. Cagle, 141 Ga. 703, 705-706 (1) (82 SE 21) (1914) (specific performance of contract to sell land). Therefore, when an interest in land is threatened with harm, equitable injunctive relief is appropriate, because such harm is deemed to be irreparable to the unique character of the property interest, i.e., money damages are not adequate compensation to protect the interest harmed. See generally Central of Ga. R. Co. v. Americus Constr. Co., 133 Ga. 392, 398 (65 SE 855) (1909) (irreparable injury defined to enjoin a nuisance); see also Roth v. Connor, 235 Ga. App. 866, 868-869 (1) (510 SE2d 550) (1998) (property interests of grantor and others in restrictive covenants for their benefit)."

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiff Chemeka Alexander incorporates fully by this specific reference the statements in paragraphs 1 through 8 and all paragraphs contained within Plaintiff's Memorandum of Law as if stated fully herein.

**WHEREFORE,** premises considered and in the interest of substantial justice it is humbly prayed that the Emergency Motion be granted which is time sensitive, unlike other motions, because it seeks to preserve the status quo until a full hearing can be held to avoid irreparable harm."

Respectfully submitted,

By: [signature]

Chemeka-N: Alexander

**VERIFICATION**

I, Plaintiff Chemeka Alexander, having been duly sworn, under penalty of perjury, deposes and says that I am over the age of eighteen (18) and mentally competent to testify in this matter. My person and my property are in danger of immediate and irreparable injury, and loss. I hereby Certify, that the facts set forth regarding all matters stated in the above paragraphs are true and correct. I have read the foregoing motion, the facts stated therein are from first-hand knowledge and are true and correct to the best of my knowledge and belief.

This 31st day of January, 2023

By: [signature]
Chemeka: Alexander

Subscribed and sworn to before me,
this 31st day of January, 2023.

Seal

HEATHER A JENKS
NOTARY PUBLIC STATE OF TEXAS
MY COMM. EXP. 02/26/2024
NOTARY ID 13048738-8

[signature]
Notary Public
My Commission Expires: 02/26/2024

## Certificate of Service

I certify that a true and correct copy of this document was served in accordance with Federal Rules of Civil Procedure on the following 31st day of January 2023.

Delivered Via Email:

Ramona V. Ladwig
McCarthy & Holthus LLP
1255 W 15th St
Plano, Texas 75075
214-291-3781
Email:rladwig@mccarthyholthus.com

Valerie Anne Henderson
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1301 McKinney Street
Suite 3700
Houston, TX 77010
713-650-9700
fax: 713–650–9701
email:vhenderson@bakerdonelson.com

Kirsten Diane Vesel
Baker Donelson
1301 McKinney Street
Ste. 3700
Houston, TX 77010
713-286-7164
Email:kvesel@bakerdonelson.com

Wyatt J Holtsclaw
2060 North Loop West, ste 223
Houston, Texas 77018
Contact 713-955-2273
wholetsclaw@silblawfirm.com
State bar No. 24120898

Chemeka: Alexander
17112 Nulakewest Ct
Houston, Texas 77044
Email: chemeka.alexander.legal@gmail.com
Contact: 832-896-9472

Eviction-Writ of Possession EXHIBIT (A) Tracking Number: E0159978

**Case Number: 223100360447**

| | | |
|---|---|---|
| Ryse Investments LLC<br>Plaintiff<br>vs.<br>Chemeka Alexander<br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§ | In the Justice Court<br>Harris County, Texas<br>Precinct 3, Place 1<br>14350 Wallisville Road<br>Suite 102<br>Houston, TX 77049<br>713-274-0760<br>www.jp.hctx.net |

**Writ of Possession**

THE STATE OF TEXAS
COUNTY OF HARRIS

**TO ANY SHERIFF OR CONSTABLE WITHIN THE STATE OF TEXAS:**

On 11/02/2022, Plaintiff(s), Ryse Investments LLC, ("Landlord"), recovered Judgment against Defendant(s), Chemeka Alexander, ("Tenant") and all persons claiming under Tenant, for possession of the following described property :**17112 Nulakewest Court Houston TX 77044 ("Premises").**

Five days or more have expired from the time the Judgment was signed.

In accordance with Section 24.0061 of the Texas Property Code, you are COMMANDED to post a written warning of at least 8 1/2 by 11 inches on the exterior of the front door of the rental unit notifying the Tenant that the writ has been issued and that the writ will be executed on or after a specific date and time stated in the warning not sooner than 24 hours after the warning is posted.

You are further COMMANDED, on the execution of this writ, to deliver possession of the Premises to the Landlord, and to:

(1) instruct the Tenant and all persons claiming under the Tenant to leave the premises immediately, and, if the persons fail to comply, physically remove them;
(2) instruct the Tenant to remove or to allow the Landlord, the Landlord's representatives, or other persons acting under your supervision to remove all personal property from the Premises, other than personal property claimed to be owned by the Landlord; and,
(3) place, or have an authorized person place, the removed personal property outside the Premises at a nearby location, but not blocking a public sidewalk, passageway, or street and not while it is raining, sleeting, or snowing.

You are further AUTHORIZED, at your discretion, to engage the services of a bonded or insured warehouseman to remove and store, subject to applicable law, part or all of the property at no cost to the Landlord or the officer executing the Writ.

YOU ARE NOTIFIED that under Section 7.003 of the Civil Practice and Remedies Code, you are not liable for damages resulting from the execution of the Writ if you execute the Writ in good faith and with reasonable diligence.

Make due return of this Writ by showing how you have executed it.

Signed on: 12/15/2022

JUSTICE COURTS PRECINCT THREE HARRIS COUNTY, TEXAS

Justice of the Peace
Precinct 3, Place 1

Address of Plaintiff
Address Unknown; 2060 North Loop West Suite 220
Houston TX 77018

Address of Plaintiff's Attorney

EXHIBIT(A-7)



**Constable Sherman Eagleton** **701 W. Baker Rd. Baytown, TX 77521** **Office: 713-274-2500**

**NOTICE !**

Cause #: 22310036044?

**A WRIT OF POSSESSION** has been issued by the JP 3/1 Court for the removal of **ALL OCCUPANTS AND PERSONAL PROPERTY** from the premises that you now

occupy. As a courtesy, we will allow you to vacate the premises **WITHIN 24 HOURS FROM THE LISTED DATE** or it will be our upleasant duty to evict you from the premises on that date and have your property **REMOVED TO A NEAR BY LOCATION.** This will be your **FINAL NOTICE!**

Thanking you in advance for your full cooperation.

Address: 17112 Nulake West Court, Houston, Tx 77044

Date Delivered: 12/27/22 Time Delivered: 10 : 51 am/pm

Delivered by: [signature]

---

**AVISO !**

Causa #: ______

**UNA ORDEN DE POSESION** de propiedad ha sido dada por la corte ______ para remover a **TODOS LOS OCUPANTES PROPIEDAD PERSONAL** del local que usted ocupa. Como una corte-sia, le permitiremos desalojar el local dentro de **24 HORAS DE LA FECHA DADA.** O sera un desagradable deber de tener que desalojarlo en esa fecha y llevar sus pertenencias y almacenarlas **a su costo** en un deposito comercial. Este sera su **ULTIMO** aviso.

Agradeciendole por adelantado su completa cooperacion.

Domicilio: ______

Fecha en que se entrego: ______ La hora en que se entrego: ___ : ___ am/pm

Entregado Por: ______

**Constable Sherman Eagleton**
**Harris County Constable Pct. 3**
**701 W. Baker Rd. Baytown, TX 77521**
**281-427-4791**