Case 4:22-cv-02920   Document 48   Filed on 04/06/23 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
April 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHAMEKA ALEXANDER, § | |
| *Plaintiff*, § | |
| § | |
| v.   § | CIVIL ACTION NO. 4:22-CV-2920 |
| § | |
| MCCARTHY & HOLTHUS, LLP, ET AL., § | |
| *Defendants*. § | |

## MEMORANDUM AND RECOMMENDATION

This pro se wrongful foreclosure case is before the Court on Defendant Guild Mortgage Company LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). ECF 18.[1] Having reviewed the parties' submissions and the law, the Court recommends that Defendant's Motion be GRANTED, and Plaintiff's claims against Guild be dismissed with prejudice.

**I.   Background**

On August 29, 2019, Chemeka Alexander executed a note in the amount of $286,150.00 payable to Guild Mortgage Company (Guild) and secured by a deed of trust on real property located at 17112 Nulake West Ct., Houston, Texas, 770044 (the Property). ECF 11, ¶ 5.43; ECF 1-6 at 7-10; ECF 1-7 at 28-40. McCarthy & Holthus LLP (McCarthy), acted as substitute trustee in non-judicial foreclosure

---

[1] The District Judge referred the case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 14. Other pending motions are addressed separately.

proceedings and on July 11, 2022 sent Alexander notices of default and acceleration and Notice of Substitute Trustee Sale scheduled for September 6, 2022. ECF 1-4 at 2-4. Alexander filed a Complaint and Request for Injunction on August 26, 2022 naming McCarthy, Guild, and two individuals as Defendants. ECF 1. The Complaint made conclusory allegations of wrongful foreclosure and violation of various federal statutes, sought $9,000,000 in damages, and requested a temporary restraining order to stop the September 6, 2022 foreclosure sale. Id.; ECF 3. The Court notified Plaintiff that it would not rule on the ex parte request for a temporary restraining order because Plaintiff did not comply with Section 3 of the Court's Procedures. ECF 4.

On September 16, 2022, after the foreclosure sale took place, Plaintiff filed a Motion to Set Aside Wrongful Foreclosure. ECF 8. On September 23, 2022, Plaintiff filed a "First Amended Original Petition," which the Court construes as her operative pleading in this case. ECF 11. The First Amended Complaint drops Plaintiff's claims against the individual defendants, adds as a Defendant Ryse Investments LLC (Ryse), the entity that purchased the Property at the foreclosure sale, and again seeks to overturn the wrongful foreclosure and to be awarded $9,000,000 in damages. *Id.* Guild has filed a Motion to Dismiss that is fully briefed and ripe for determination.

2

## II. Motion to Dismiss Standards

Guild moves to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). Rule 8(a) requires a pleading to contain a "short and plain" statement of the plaintiff's claim showing the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) and Rule 8(a) must be read in conjunction and together require a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Doe v. Snap, Inc.*, No. CV H-22-590, 2022 WL 16635370, at *3 (S.D. Tex. Nov. 2, 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). The 34 exhibits Plaintiff attached to her Original Complaint and incorporated by reference in her First Amended Complaint are properly before the Court for purposes of the current motion.

### III.   Analysis

Liberally construed, Plaintiff's First Amended Complaint purports to assert claims against Guild for wrongful foreclosure, breach of fiduciary duty, fraud, breach of contract, violations of the Fair Debt Collection Practices Act (FDCPA), Real Estate Settlement Practices Act (RESPA), Regulation Z of the Truth in Lending Act (TILA), and the Fair Credit Reporting Act (FCRA), slander of title, and infliction of emotional distress. ECF 11. It is not practical or necessary to list every

statute, rule, or legal theory mentioned or referenced in Plaintiff's rambling pleading. To the extent Plaintiff intended to assert claims other than those listed above, she has asserted only legal conclusions and has not alleged facts to show a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). At the heart of Plaintiff's multifarious complaint is her allegation that she does not owe Guild Mortgage anything because the loan was invalid. *Id.* at 3 ("The foreclosure is "Void" because the foreclosure was initiated from an unenforceable (invalid) instrument . . . by a party without rights or standing . . ..").  As discussed below, Plaintiff First Amended Complaint fails to state a plausible claim for relief against Guild.

### A. Plaintiff's Wrongful Foreclosure Claim Should be Dismissed.

The elements of a wrongful foreclosure claim under Texas law are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Bridges v. Bank of New York Mellon*, No. CV H-17-1429, 2018 WL 836061, at *10 (S.D. Tex. Feb. 12, 2018) (citations omitted). Plaintiff's First Amended Complaint does not allege any of the elements of a wrongful foreclosure action. Indeed, as noted above, Plaintiff's allegations focus on perceived defects in the loan origination and/or servicing, not the foreclosure proceeding. Moreover, Plaintiff does not deny that she was in default on her mortgage obligations. Plaintiff alleges that she made timely mortgage

5

payments from October 1, 2019 until October 1, 2021 and was never late and sometimes made double payments. ECF 11 at 21. But Plaintiff does not allege she made any payment after October 1, 2021. *See* ECF 11.

Records indicate that Guild gave Plaintiff Notice of Default and Intent to Accelerate on December 15, 2021 based on Plaintiff's failure to make her November 1, 2021 and December 1, 2021 mortgage payments. ECF 1-1 at 23. Documents presented by Plaintiff also show that McCarthy gave her notice of the September 6, 2022 foreclosure sale. ECF 1-2 at 10-11. Plaintiff has not alleged any defect in the foreclosure proceedings. Furthermore, Plaintiff has not alleged that the Property was sold at foreclosure for a "grossly inadequate" price, or causation. *See Bridges*, 2018 WL 836061, at *10 (explaining that a "low foreclosure sale price does not amount to wrongful foreclosure; the plaintiff must allege that other irregularities in the foreclosure proceedings caused or contributed to a grossly inadequate price."). Despite the verbosity of Plaintiff's First Amended Complaint, it fails to state a plausible claim of wrongful foreclosure against Guild.

### B. Plaintiff's Claims for Breach of Fiduciary Duty Should be Dismissed

It is axiomatic that a claim for breach of a fiduciary duty requires the existence of a fiduciary relationship. *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007) (stating the elements of a breach of fiduciary duty claim under

6

Texas law are: "(1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." (citation omitted)). A mortgage lender or servicer does not owe a fiduciary duty to a borrower. *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex. App. 1996) ("The relationship between a borrower and lender is usually neither a fiduciary relationship nor a special relationship."); *Greater Sw. Off. Park, Ltd. v. Texas Com. Bank Nat. Ass'n*, 786 S.W.2d 386, 391 (Tex. App. 1990), writ denied (Nov. 21, 1990) (holding that a borrower's "mere subjective trust in the Bank, by itself, is not enough to transform the arms-length dealings of a debtor and creditor into a fiduciary relationship."); *Dupree v. EMC Mortg. Corp.*, No. 4:10-CV-356, 2011 WL 147683, at *4 (E.D. Tex. Jan. 7, 2011), report and recommendation adopted, No. 4:10-CV-356, 2011 WL 147296 (E.D. Tex. Jan. 18, 2011) (holding that mortgage servicer owes no fiduciary duty to Plaintiff); *White v. Mellon Mortg. Co.*, 995 S.W.2d 795, 800 (Tex. App. 1999) (holding that "the relationship between a mortgagor and mortgagee does not give rise to a duty of good faith."). Therefore, Guild's Motion to Dismiss Plaintiff's claim for breach of trust or a fiduciary duty should be granted.

### C. Plaintiff's Fraud Claim Should be Dismissed

Plaintiff appears to allege that Guild procured the note and deed of trust through fraud, or fraudulently collected payments when the balance due on the note was zero. *See* ECF 11, ¶¶ 5.2, 5.42, 5.42, 5.69. Plaintiff fails to state a claim for fraud, much less state a claim for fraud with the particularity required by Federal Rule of Civil Procedure 9(b). Plaintiff fails to articulate: any material false representation made by Guild; that Guild knew the representation was false or made it recklessly without knowledge of its truth; that Guild intended to induce Plaintiff to ack on the representation; or that Plaintiff actually and justifiably relied on the misrepresentation and suffered injury. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001) (listing elements of a fraud claim under Texas law). Therefore, Guild's Motion to Dismiss Plaintiff's claim for fraud should be granted.

### D. Plaintiff's Breach of Contract Claim Should be Dismissed

Although Plaintiff mainly alleges the loan agreement is invalid, she also makes a passing reference to breach of contract. ECF 11 at 16. The elements of a breach of contract claim are (1) a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; (4) damages as a result of the breach. *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018) (listing elements of

8

a breach of contract claim under Texas law). Plaintiff concedes she stopped paying her mortgage in October 2021. ECF 11 at 5.65. Therefore, she cannot state a claim for breach of the loan agreement. No other contract between Plaintiff and Guild is alleged. Therefore, Guild's Motion to Dismiss Plaintiff's claim for breach of contract should be granted.

### E. Plaintiff's TILA, RESPA, FDCPA and FCRA Claims Should be Dismissed

Plaintiff alleges that she is entitled to rescind the loan transaction because Guild violated TILA. ECF 11, ¶¶ 5.6, 5.54. Plaintiff's claim fails as a matter of law because TILA does not create a right of rescission with respect to residential mortgage transactions. *Green v. Bank of Am. N.A.*, No. CIV.A. H-13-1092, 2013 WL 3937070, at *5 (S.D. Tex. July 30, 2013).

Plaintiff alleges Guild violated RESPA by not giving her an Affiliated Business Arrangement Disclosure or an HUD-1 prior to settlement. ECF 11, ¶ 5.81. Plaintiff fails to state a claim for a RESPA violation because she does not allege which sections of RESPA were violated by these alleged failures, or how the violation caused her damages. *See Keyes v. Wells Fargo Bank*, N.A., No. 3:20-CV-633-G-BN, 2021 WL 6205502, at *4 (N.D. Tex. Nov. 8, 2021), report and recommendation adopted, No. 3:20-CV-0633-G-BN, 2022 WL 19674 (N.D. Tex.

9

Jan. 3, 2022) (holding that damages awarded to a borrower must be "as a result of" the RESPA violation).

Plaintiff's claim that Guild's attempts to collect on the promissory note Plaintiff signed violates the FDCPA fails because Guild is not a debt collector under the FDCPA. *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 626 (S.D. Tex. 2010) (holding that "[t]he activity of foreclosing on a property pursuant to a deed of trust is not the collection of debt within the meaning of the FDCPA," quoting *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007)).

Plaintiff makes a conclusory allegation that Guild have violated FCRA because the foreclosure has impaired her credit. ECF 11, ¶ 5.82. FCRA § 1681s-2 details numerous responsibilities of those who furnish information to consumer reporting agencies, but Plaintiff fails to specify what responsibility Guild allegedly violated. Plaintiff makes no allegation that Guild provided false information to a credit reporting agency, or that her credit report was supplied to any entity to which she submitted an application. Plaintiff's conclusory assertion of a FCRA claim cannot survive a motion to dismiss. *Reeves v. Nelnet Loan Servs.*, No. 4:17-CV-3726, 2018 WL 2200112, at *4 (S.D. Tex. May 14, 2018) (granting defendant's motion to dismiss because conclusory assertions of a FCRA violation are not

10

sufficient to state a plausible claim for relief). In addition, Plaintiff fails to plead a concrete injury as a result of any FCRA violation. *Landrum v. Blackbird Enterprises, LLC*, 214 F. Supp. 3d 566, 570 (S.D. Tex. 2016) (holding that a concrete injury is a required element of FCRA claim and "a bare procedural violation of the FCRA" is not enough).

Therefore, Guild's Motion to Dismiss Plaintiff's claims under TILA, RESPA, FDCPA, and FCRA should be granted.

### F. Plaintiff's claims for Slander of Title and Infliction of Emotional Distress Should be Dismissed.

Finally, Plaintiff cannot state a plausible claim under Texas common law for slander of title and infliction of emotional distress. "In Texas, to prevail on a slander of title claim, the plaintiff must allege and prove: "(1) the utterings and publishing of disparaging words; (2) that they were false; (3) that they were malicious; (4) that special damages were sustained thereby; and (5) that the plaintiff possessed an estate or interest in the property disparaged." *Manders v. Manders*, 897 F. Supp. 972, 976 (S.D. Tex. 1995) (citations omitted). The elements of an intentional infliction of emotional distress claim under Texas law are: (1) the defendant acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused emotional distress; and (4) the emotional distress was severe. *Kroger Texas Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). Guild foreclosed on the

Property pursuant to the deed of trust after Plaintiff's admitted default on the note. Plaintiff's pleadings do not state a claim for wrongful foreclosure. Therefore, Plaintiff cannot plausibly allege that Guild made false statements that disparaged her title, as required for slander of title, or that Guild's actions were reckless, extreme, or outrageous, as required for intentional infliction of emotional distress.

### G. Plaintiff Should Not be Granted Leave to Amend

Plaintiff has already had an opportunity to put forth her best case through her numerous filings, has not requested leave to amend, and in any event the defects in her claims against McCarthy cannot be cured by amendment. Therefore, Guild's motion to dismiss Plaintiff's claims should be granted with prejudice, without granting Plaintiff leave to file a Second Amended Complaint. *See Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016) ("Although a pro se litigant should generally be afforded an opportunity to amend his complaint before it is dismissed, denial is nonetheless justified when the proposed amendment would be futile" (internal citations omitted)).

### IV. Conclusion and Recommendation

For the reasons set forth above, the Court recommends that Guild's Motion to Dismiss (ECF 18) be GRANTED and Plaintiff's claims against Guild Mortgage Company LLC be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 06, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge