United States District Court
Southern District of Texas

**ENTERED**

April 06, 2023

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CHAMEKA ALEXANDER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-2920 |
| | § | |
| MCCARTHY & HOLTHUS, LLP, ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This pro se wrongful foreclosure case is before the Court on Defendant McCarthy & Holthus, LLP's Motion to Dismiss Plaintiff's Amended Original Complaint (ECF 17).[1]  Having reviewed the parties' submissions and the law, the Court recommends that Defendant's Motion to Dismiss be GRANTED, and Plaintiff's claims against McCarthy & Holtus, LLP be dismissed with prejudice.

## I.    Background

On August 29, 2019, Chemeka Alexander executed a note in the amount of $286,150.00 payable to Guild Mortgage Company (Guild) and secured by a deed of trust on real property located at 17112 Nulake West Ct., Houston, Texas, 770044 (the Property).  ECF 11, ¶ 5.43; ECF 1-6 at 7-10; ECF 1-7 at 28-40.  McCarthy &

---

[1] The District Judge referred the case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 14.  Other pending motions are addressed separately.

Holthus LLP (McCarthy), acted as substitute trustee in non-judicial foreclosure proceedings and on July 11, 2022 sent Alexander notices of default and acceleration and Notice of Substitute Trustee Sale scheduled for September 6, 2022. ECF 1-4 at 2-4. Alexander filed a Complaint and Request for Injunction on August 26, 2022 naming McCarthy, Guild, and two individuals as Defendants. ECF 1. The Complaint made conclusory allegations of wrongful foreclosure and violation of various federal statutes, sought $9,000,000 in damages, and requested a temporary restraining order to stop the September 6, 2022 foreclosure sale. *Id.*; ECF 3. The Court notified Plaintiff that it would not rule on the ex parte request for a temporary restraining order because Plaintiff did not comply with Section 3 of the Court's Procedures. ECF 4.

On September 16, 2022, after the foreclosure sale took place, Plaintiff filed a Motion to Set Aside Wrongful Foreclosure. ECF 8. On September 23, 2022, Plaintiff filed a "First Amended Original Petition," which the Court construes as her operative pleading in this case. ECF 11. The First Amended Complaint drops Plaintiff's claims against the individual defendants, adds as a Defendant Ryse Investments LLC (Ryse), the entity that purchased the Property at the foreclosure sale, and again seeks to overturn the wrongful foreclosure and to be awarded

$9,000,000 in damages. *Id.* McCarthy has filed a Motion to Dismiss that is fully briefed and ripe for determination.

## II.    Motion to Dismiss Standards

McCarthy moves to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). Rule 8(a) requires a pleading to contain a "short and plain" statement of the plaintiff's claim showing the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) and Rule 8(a) must be read in conjunction and together require a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Doe v. Snap, Inc*., No. CV H-22-590, 2022 WL 16635370, at *3 (S.D. Tex. Nov. 2, 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does

not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). The 34 exhibits Plaintiff attached to her Original Complaint and incorporated by reference in her First Amended Complaint are properly before the Court for purposes of the current motion.

## III.   Analysis

Liberally construed, Plaintiff's First Amended Complaint asserts claims against McCarthy for wrongful foreclosure, violations of the Fair Debt Collection Practices Act (FDCPA), Real Estate Settlement Practices Act (RESPA), and Regulation Z of the Truth in Lending Act (TILA), slander of title, and infliction of

emotional distress. *See* ECF 11. It is not practical or necessary to list every statute, rule, or legal theory mentioned or referenced in Plaintiff's rambling pleading. To the extent Plaintiff intended to assert claims other than those listed above, she has asserted only legal conclusions and has not alleged facts to show a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). At the heart of Plaintiff's multifarious complaint is her allegation that she does not owe Guild Mortgage anything because the loan was invalid. *Id.* at 3 ("The foreclosure is "Void" because the foreclosure was initiated from an unenforceable (invalid) instrument . . . by a party without rights or standing . . ..). As discussed below, Plaintiff First Amended Complaint fails to state a plausible claim for relief against McCarthy.

### A. Plaintiff's Wrongful Foreclosure Claim Should be Dismissed.

The elements of a wrongful foreclosure claim under Texas law are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Bridges v. Bank of New York Mellon*, No. CV H-17-1429, 2018 WL 836061, at *10 (S.D. Tex. Feb. 12, 2018) (citations omitted). Plaintiff's First Amended Complaint does not allege any of the elements of a wrongful foreclosure action. Indeed, as noted above, Plaintiff's allegations focus on perceived defects in the loan origination and/or servicing, not the foreclosure proceeding. Moreover, Plaintiff does not deny that she was in default

on her mortgage obligations.  Plaintiff alleges that she made timely mortgage payments from October 1, 2019 until October 1, 2021 and was never late and sometimes made double payments.  ECF 11 at 21.  But Plaintiff fails to allege she made any payment after October 1, 2021.  *See* ECF 11.

Records submitted by Plaintiff indicate that Guild gave Plaintiff Notice of Default and Intent to Accelerate on December 15, 2021 based on Plaintiff's failure to make her November 1, 2021 and December 1, 2021 mortgage payments.  ECF 1-1 at 23.  Documents presented by Plaintiff also show that McCarthy gave her notice of the September 6, 2022 foreclosure sale.  ECF 1-2 at 10-11.  Plaintiff has not alleged any defect in the foreclosure proceedings.  Furthermore, Plaintiff has not alleged that the Property was sold at foreclosure for a "grossly inadequate" price, or that a defect in the foreclosure proceeding caused the grossly inadequate sale price.  *See Bridges*, 2018 WL 836061, at *10 (explaining that a "low foreclosure sale price does not amount to wrongful foreclosure; the plaintiff must allege that other irregularities in the foreclosure proceedings caused or contributed to a grossly inadequate price.").  Therefore, McCarthy's Motion to Dismiss should be granted.

## B.  Plaintiff's Remaining Claims Against McCarthy Should be Dismissed.

McCarthy acted as substitute trustee for the purpose of the foreclosure sale of the Property. ECF 1-2 at 10-11.  To the extent Plaintiff is attempting to sue McCarthy

6

for pre-foreclosure actions related to loan origination or servicing, such as violations of TILA or RESPA, the claims should be dismissed with prejudice for failure to state a claim because Plaintiff cannot plausibly allege any actions by McCarthy to support such claims.

Plaintiff also fails to state a plausible claim for relief on claims against McCarthy for violation of FDCPA. The FDCPA protects individuals from abusive debt collection practices by debt collectors. *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) (citing 15 U.S.C. § 1692(e)). However, "[t]he activity of foreclosing on a property pursuant to a deed of trust is not the collection of debt within the meaning of the FDCPA." *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 626 (S.D. Tex. 2010) (quoting *Williams*, 504 F. Supp. 2d. at 190).

Finally, Plaintiff cannot state a plausible claim under Texas common law for slander of title and infliction of emotional distress. "In Texas, to prevail on a slander of title claim, the plaintiff must allege and prove: "(1) the utterings and publishing of disparaging words; (2) that they were false; (3) that they were malicious; (4) that special damages were sustained thereby; and (5) that the plaintiff possessed an estate or interest in the property disparaged." *Manders v. Manders*, 897 F. Supp. 972, 976 (S.D. Tex. 1995) (citations omitted). The elements of an intentional infliction of

emotional distress claim under Texas law are: (1) the defendant acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused emotional distress; and (4) the emotional distress was severe. *Kroger Texas Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). McCarthy conducted a foreclosure sale pursuant to a deed of trust and Plaintiff's pleadings do not state a claim for wrongful foreclosure. Therefore, Plaintiff cannot plausibly allege that McCarthy made false statements that disparaged her title, as required for slander of title, or that MCarthy's actions were reckless, extreme, or outrageous, as required for intentional infliction of emotional distress.

### C. Plaintiff Should Not be Granted Leave to Amend

Plaintiff has already had an opportunity to put forth her best case through her numerous filings, has not requested leave to amend, and in any event the defects in her claims against McCarthy cannot be cured by amendment. Therefore, McCarthy's motion to dismiss Plaintiff's claims should be granted with prejudice, without granting Plaintiff leave to file a Second Amended Complaint. *See Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016) ("Although a pro se litigant should generally be afforded an opportunity to amend his complaint before it is dismissed, denial is nonetheless justified when the proposed amendment would be futile" (internal citations omitted)).

8

## IV.    Conclusion and Recommendation

For the reasons set forth above, the Court RECOMMENDS that McCarthy's Motion to Dismiss (ECF 17) be GRANTED and Plaintiff's claims against McCarthy & Holthus LLC be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 06, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

9