United States District Court
Southern District of Texas
**ENTERED**
April 06, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CHAMEKA ALEXANDER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-2920 |
| | § | |
| MCCARTHY & HOLTHUS, LLP, ET AL., | § | |
| *Defendants*. | § | |

### MEMORANDUM AND RECOMMENDATION

This pro se wrongful foreclosure case is before the Court on Defendant Ryse Investments LLC's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ECF 26.[1]  Having reviewed the parties' submissions and the law, the Court recommends that Defendant's Motion be GRANTED and Plaintiff's claims against Ryse Investments LLC be dismissed with prejudice.

### I.  Background

On August 29, 2019, Chemeka Alexander executed a note in the amount of $286,150.00 payable to Guild Mortgage Company (Guild) secured by a deed of trust on real property located at 17112 Nulake West Ct., Houston, Texas, 770044 (the Property).  ECF 1-6 at 7-10; ECF 1-7 at 28-40.  McCarthy & Holthus LLP

---

[1] The District Judge referred the case the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 14.  Other pending motions are addressed separately.

(McCarthy), acted as substitute trustee in non-judicial foreclosure proceedings and on July 11, 2022 sent Alexander notices of default and acceleration and Notice of Substitute Trustee Sale scheduled for September 6, 2022.  ECF 1-4 at 2-4.  Alexander filed a Complaint and Request for Injunction on August 26, 2022 naming McCarthy, Guild, and two individuals as Defendants.  ECF 1.  The Complaint made conclusory allegations of wrongful foreclosure, violation of various federal statutes, sought $9,000,000 in damages, and requested a temporary restraining order to stop the September 6, 2022 foreclosure sale.  *Id.*; ECF 3.  The Court notified Plaintiff that it would not rule on the ex parte request for a temporary restraining order because Plaintiff did not comply with Section 3 of the Court's Procedures.  ECF 4.

On September 23, 2022, after the foreclosure sale took place, Plaintiff filed a "First Amended Original Petition," which the Court construes as her operative First Amended Complaint in this case.  ECF 11.  The First Amended Complaint drops Plaintiff's claims against the individual defendants, adds Ryse Investments LLC (Ryse), the entity that purchased the Property at the foreclosure sale, as a Defendant, and seeks to overturn the wrongful foreclosure, preclude eviction proceedings, and an award of $9,000,000 in damages.  *Id.*  Ryse filed a Motion to Dismiss that is fully briefed and ripe for determination.

## II.    Motion to Dismiss Standards

Ryse moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Doe v. Snap, Inc*., No. CV H-22-590, 2022 WL 16635370, at *3 (S.D. Tex. Nov. 2, 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the court does not apply the same presumption to conclusory statements or legal conclusions.  *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion.  If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment.  *See* FED. R. CIV. P. 12(d).  However, the court may take judicial

notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). The 34 exhibits Plaintiff attached to her Original Complaint and incorporated by reference in her First Amended Complaint are properly before the Court for purposes of the current motion.

### III.    Analysis

Plaintiff's First Amended Complaint asserts a claim against Ryse for wrongful foreclosure and wrongful detainer and eviction. ECF 11 at 24. Plaintiff's First Amended Complaint fails to state a plausible claim for relief against Ryse.

### A. Plaintiff's Wrongful Foreclosure Claim Against Ryse Should be Dismissed with Prejudice.

Plaintiff's entire claim against Ryse is premised on Plaintiff's contention that she approached the owner of Ryse, Shanjuiet Weaver, after Ryse's bid on the property and told Weaver that Plaintiff did not have any indebtedness to Guild and did not consent to the sale, and therefore Ryse acted illegally by not revoking its purchase of the Property. ECF 11; ECF 39; ECF 42. Plaintiff's allegations do not support a claim for wrongful foreclosure against Ryse.

4

The elements of a wrongful foreclosure claim under Texas law are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Bridges v. Bank of New York Mellon*, No. CV H-17-1429, 2018 WL 836061, at *10 (S.D. Tex. Feb. 12, 2018) (citations omitted). Plaintiff's First Amended Complaint does not allege any of the elements of a wrongful foreclosure action, much less any action by Ryse that would support a wrongful foreclosure action. Plaintiff's allegations focus on perceived defects in the loan origination and/or servicing, not the foreclosure proceeding. In any event, Plaintiff cannot plausibly allege a wrongful foreclosure proceeding against Ryse, the purchaser of the Property at the foreclosure sale, because Plaintiff's pleadings and attachments do not demonstrate that Ryse played any part in declaring Plaintiff in default on the loan or in initiating foreclosure proceedings. Furthermore, Plaintiff has not alleged that the Property was sold at foreclosure for a "grossly inadequate" price, or that any defect in the foreclosure proceeding cause the Property to be sold at a grossly inadequate price. *See Bridges*, 2018 WL 836061, at *10 (explaining that a "low foreclosure sale price does not amount to wrongful foreclosure; the plaintiff must allege that other irregularities in the foreclosure proceedings caused or contributed to a grossly inadequate price.").

Because Plaintiff has already had an opportunity to put forth her best case, did not request leave to amend in response to Ryse's motion, and amendment cannot cure the defects in her wrongful foreclosure claim, Ryse's motion to dismiss the wrongful foreclosure claim with prejudice should be granted. *See Mason v. Fremont Inv. & Loan*, 671 F. App'x 880, 883 (5th Cir. 2016) ("Although a pro se litigant should generally be afforded an opportunity to amend his complaint before it is dismissed, denial is nonetheless justified when the proposed amendment would be futile" (internal citations omitted)).

### B.  Plaintiff's Wrongful Eviction Claim against Ryse Should be Dismissed with Prejudice.

Ryse moves to dismiss Plaintiff's claim for wrongful detainer and eviction because Plaintiff is not a tenant with a valid lease and Ryse is not her landlord. *See* ECF 26.  "To establish a claim for wrongful eviction, a plaintiff must show that (1) she had an unexpired rental contract with the landlord; (2) she occupied the premises; (3) the landlord evicted her; and (4) she suffered damages attributable to the eviction." *Green v. Fed. Nat'l Mortg. Ass'n*, No. 01-18-00258-CV, 2019 WL 1716347, at *3 (Tex. App. Apr. 18, 2019); *see also Ezennia v. Wells Fargo Bank, N.A.*, No. CIV.A. H-10-5004, 2012 WL 1556170, at *8 (S.D. Tex. Apr. 27, 2012), report and recommendation adopted, No. CV H-10-5004, 2012 WL 13047122 (S.D. Tex. May 17, 2012) (identifying the elements of a wrongful foreclosure action and

noting that allegations of wrongful eviction based on an alleged wrongful foreclosure do not "fit the type of wrongful eviction claim that has been recognized by Texas courts."). Under Texas law, "[w]hen a foreclosed debtor clings to possession of a foreclosed property, the debtor becomes a tenant at sufferance . . .." *Warren v. Bank of Am., N.A.*, 717 F. App'x 474, 477 (5th Cir. 2018) (citing Texas cases). A tenant at sufferance has no possessory interest and cannot state a claim for wrongful eviction. *Deubler v. Bank of New York Mellon*, No. 07-13-00221-CV, 2015 WL 3750312, at *8 (Tex. App. June 15, 2015). Plaintiff cannot state a plausible claim for wrongful eviction under Texas law. Therefore, Ryse's Motion to Dismiss should be granted and all Plaintiff's claims against Ryse should be dismissed with prejudice.

## IV.    Conclusion and Recommendation

For the reasons set forth above, the Court RECOMMENDS that Ryse's Motion to Dismiss (ECF 26) be GRANTED and Plaintiff's claims against Ryse Investments LLC be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking

the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 06, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge