UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
JUDGE CHARLES ESKRIDGE

United States Courts
Southern District of Texas
FILED

MAY 18 2023

Nathan Ochsner, Clerk of Court

CIVIL ACTION No. 4:22-cv-02920

| | | |
|---|---|---|
| CHEMEKA ALEXANDER<br>Plaintiff | §<br>§<br>§ | U.S. DISTRICT COURT |
| V. | §<br>§<br>§ | |
| MCCARTHY & HOLTHUS LLP,<br>GUILD MORTGAGE COMPANY,<br>and RYSE INVESTMENTS LLC<br>Defendant(s) | § | JURY TRIAL **DEMANDED**<br><br>____4___ DISTRICT COURT |

## PLAINTIFF CHEMEKA: ALEXANDER'S OBJECTION TO MAGISTRATE CHRISTINA A. BRYAN MEMORANDUM AND RECOMMENDATION

COMES NOW, Plaintiff Chemeka: Alexander herby," Alexander," to submit her objections to the Memorandum and Recommendation of the magistrate Judge Christina A Bryant in document 47.

### I.  OBJECTION

"Alexander," comes to this court with clean hands and in good faith and alleges to have provided this court with enough substantial proof supported by sworn statement, affidavit with 50 + Exhibits (A-Z and 1-34) of prima facie evidence to support her claims of the violations committed against her by the Defendants. The Plaintiff alleges to have stated a claim upon which relief may be granted and therefore "Objects" to the Memorandum and Recommendation. Plaintiff Alexander and would respectfully state as follows:

## II.  ARGUMENTS AND AUTHORITIES

1. In response to Document 47: A motion or pleading should be not be misconstrued. Plaintiff "Alexander" reminds this court it is very necessary to note that a wrongful foreclosure was not "Plaintiff's" only claim (cause of action) or means for remedy or relief.  "Alexander" reminds this court she is NOT pro se or an attorney, but a woman, natural person, appearing propria persona, by special appearance, to seek the Relief, Remedy in Equity as to how she has been harmed by the transaction of which she is so entitled.

While not binding, (coming from the 5th Circuit or Supreme Court), other courts have stated:

Rule 1.370 has been liberally interpreted, and there is a "strong preference that genuinely disputed claims be decided upon their merits rather than technical rules of default." Wells Fargo Bank Nat'l Ass'n v. Voorhees , 194 So.3d 448, 451 (Fla. 2d DCA 2016) (citing PennyMac Corp. v. Labeau , 180 So.3d 1216, 1219 (Fla. 3d DCA 2015) ); see also Melody Tours, Inc. v. Granville Mkt. Letter, Inc. , 413 So.2d 450, 451 (Fla. 5th DCA 1982). In addition, "[w]hile it is normally within the trial court's discretion to use a technically deemed admission to support a summary judgment, it is error if the record contains evidence to the contrary of the admission." In re Forfeiture of 1982 Ford Mustang, Vehicle ID No. ABP16F6CF190433 , 725 So.2d 382, 385 (Fla. 2d DCA 1998) ; see also HSBC Bank USA v. Parodi , 193 So.3d 65, 66 (Fla. 3d DCA 2016) ("[I]t is reversible error to involuntarily dismiss an action or grant summary judgment based solely on the

failure to timely respond to a request for admissions where the pleadings and/or the record evidence contradicts the technical admissions and no prejudice has been demonstrated.").

2. "Alexander" demanded a trial by Jury.

Supreme Court Findings:

In United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) the Seventh Circuit states "The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause." In Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038 (i960), the Supreme Court ruled and reaffirmed the principle that "justice must satisfy the appearance of justice."

In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994). In Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038 (i960), the Supreme Court ruled and reaffirmed the principle that "justice must satisfy the appearance of justice."

## I. CONCLUSION

"Alexander" has provided sufficient evidence based on factual statements to prove that this case is not meritless upon her objections of the memorandum and suggestions entered upon record. The Plaintiff has stated her claim upon which relief may be granted against "Guild Mortgage Company." Alexander has proven to this court causation and how she would be harmed in terms of equity by the negligent of Guild Mortgage Company by the contract. Therefore "Alexander"

respectfully request the court Denies "Guild's" Motion to Dismiss entirely. "Alexander" respectfully request to proceed in pre-trial proceedings in conference to pursue all of the relief to which "Alexander" is justly entitled.

Respectfully submitted,

By: *[signature]*

Chemeka-N:Alexander

## Certificate of Service

I certify that a true and correct copy of this document was served in accordance with Federal Rules of Civil Procedure on the following 18th day of May 2023.

Delivered via email:

Ramona V. Ladwig
McCarthy & Holthus
1255 W. 15th St.
Plano, TX 75075
214-291-3781
email:rladwig@mccarthyholthus.com

Valerie Anne Henderson
Baker Donelson, Bearman, Caldwell & Berkowitz PC
1301 McKinney Street
Suite 3700
Houston Texas 77010
fax: 713-650-9701
email:vhenderson@bakerdonelson.com

Kristen Diane Vesel
Baker Donald and 1301 McKinney Street
Suite 3700
Houston TX 77010
713-286-7164
email:kvesel@bakerdonelson.com

Wyant J Holtsclaw
2060 N. Loop West Suite 223
Houston, TX 77018
713-955-2273
wholtsclaw@silblawfirm.com

Alexander:Chemeka
P o box 11581
Houston, Texas [77293]
8328969472
Chemeka.alexander.legal@gmail.com